```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**CLARA JOHNSON WASHINGTON, ET AL.**                   **CIVIL ACTION**

**VERSUS**                                             **NO. 16-12814**

**SHELL OIL COMPANY, ET AL.**                          **SECTION "B"(4)**

<u>**ORDER AND REASONS**</u>

Before the Court is a "Motion to Remand" filed by Clara Johnson Washington and her son, Preston Washington, Jr. (collectively "Plaintiffs"). Rec. Doc. 5. Both Defendants, Murphy Oil USA, Inc. ("Murphy") and Lou-Con, Inc. ("Lou-Con"), filed separate Memoranda in Opposition to the Motion to Remand. Rec. Doc. 10, 11. Both Plaintiffs and Murphy were granted leave to file reply memoranda. Rec. Doc. 14, 17. For the reasons outlined below,

**IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

This case arises out of the death of the late Preston Washington, Sr. ("Washington") resulting from acute myeloid leukemia (AML). Rec. Doc. 5-2 at 4. Plaintiffs allege Washington was routinely exposed to benzene or benzene-containing products from 1977 to 1994 through his work at the Defendants' facilities or through products that were manufactured, distributed, or sold by Defendants. Rec. Doc. 5-2 at 4. Washington worked as a pipefitter with the Plumbers and Steamfitters Local Union 60 from 1977 until 1994, and he was employed by various companies,

including Lou-Con, to work at several of the named defendants' refineries and facilities. Rec. Doc. 5-5 at 10, 2-1 at 3. Washington was a contract employee for Lou-Con from April through June of 1978. Rec. Doc. 5-1 at 13. Although Washington was only employed by Lou-Con for a brief period of time, Washington frequently worked at the same facilities as other Lou-Con employees. Rec. Doc. 5-4 at 10-11. Plaintiffs allege that Washington was routinely exposed to benzene and benzene-containing products by Lou-Con employees while working at these facilities. Rec. Doc. 5-1 at 10-12, 13. Washington was diagnosed with AML on January 7, 2012, and died three years later on January 27, 2015. Rec. Doc. 5-2 at 4. His family learned of the connection between benzene exposure and AML in February 2015 and subsequently brought this suit. Rec. Doc. 5-2 at 14. Plaintiffs allege negligence, gross negligence, and strict product liability. Rec. Doc. 5-2 at 5-14. They also seek damages for wrongful death and through a survival action. *Id*.

This case was originally filed in Division M of the Civil District Court for the Parish of Orleans on or about October 28, 2015. Rec. Doc. 10 at 3. The suit was initiated by Washington's spouse and legal representative, Clara Johnson Washington, and their son, Preston Washington, Jr. (collectively "Plaintiffs"), alleging various theories of recovery for exposure to benzene and benzene-containing products during Washington's work as a

contractor. Doc. 5-2 at 1-3. The original complaint named Shell Oil Company, Murphy Oil USA, Inc., ExxonMobil Corp., Wyeth Holdings, LLC, Entergy Louisiana, LLC, Lou-Con, Inc., Woodward Design & Build, LLC, and Barriere Construction Company, LLC as defendants. Rec. Doc. 5-2 1-3. On June 20, 2016, Plaintiffs filed a state court pleading asserting that they resolved all claims against the named defendants except for Murphy Oil USA, Inc. and Lou-Con, Inc. Rec. Doc. 1 at 4. Murphy then removed the case to this Court claiming that Plaintiffs improperly joined Lou-Con in order to defeat diversity and avoid federal jurisdiction. Rec. Doc. 1 at 1.

Fifth Circuit law recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Because there is no question of actual fraud in this case, the Court will only consider the ability of Plaintiffs to establish a cause of action against Lou-Con. To phrase the applicable rule differently, in order for Murphy to prove that Lou-Con was improperly joined in this matter, there must be "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood*, 385 F.3d at 573. In determining

whether a plaintiff has a reasonable basis of recovery under state law, a court may resolve the issue in one of two ways: First, the court may conduct a 12(b)(6) analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* It is generally held that if a plaintiff can survive a 12(b)(6) challenge, there is no improper joinder. *Id.*

Second, in such cases where a plaintiff has stated a claim but has "misstated or omitted discrete facts" that would determine the appropriateness of joinder, the district court may use its discretion to "pierce the pleadings" and conduct a summary inquiry. *Id.* at 574 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). However, the burden of persuasion on the party claiming improper joinder is a heavy one, and Fifth Circuit precedent requires a defendant to "preclude" the possibility of recovery with "facts that can be easily disproved if not true." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765-66 (citing *Smallwood*, 385 F.3d at 573-74 n.12). When piercing the pleadings and considering summary judgment-type evidence in the record, the court must consider "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649.

Here, Plaintiffs seek to defeat claims of improper joinder using the 12(b)(6) standard, while Murphy maintains that the

4

summary judgment standard is appropriate. Under Federal Rules of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986). Even assuming, for the sake of argument, that the summary judgment standard is appropriate for this inquiry, Murphy still fails to meet its burden of proving improper joinder.

In order to have a reasonable possibility of recovering against Lou-Con, Plaintiffs must show that genuine issues of fact exist concerning whether Washington was exposed to benzene due to Lou-Con's negligence after he terminated his employment with Lou-Con in June 1978. Rec. Doc. 5-1 at 13. If Plaintiffs cannot make this showing, they would be barred from bringing a tort-based claim because recovery would be precluded under the Louisiana Workers' Compensation Act. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101 (5th Cir. 1990). Murphy claims that, after eight months of discovery, Plaintiffs still lack evidence showing that Lou-Con exposed Washington to benzene after he left its employment. Rec. Doc. 10 at 4-7. Murphy argues that, because Plaintiffs' witness admitted that he had no personal knowledge of Washington being exposed to benzene at a time when Washington was not working for

Lou-Con, Plaintiffs have no evidence to support a tort claim against Lou-Con. Rec. Doc. 10 at 7. However, the Fifth Circuit has held that a "lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was improperly joined." *Davidson*, 819 F.3d at 767 (citing *Travis*, 326 F.3d at 650 n.3) (internal alterations omitted). "Instead, the defendant must put forward evidence that would negate a possibility of liability on the part of the nondiverse defendant." *Id.* (citing *Travis*, 326 F.3d at 650) (internal quotations marks and alterations omitted). Although one witness has no personal knowledge of Lou-Con personnel opening equipment that released fumes in Washington's presence, another witness testified that he worked with Washington from 1978-1994 at Murphy Oil's facility when Lou-Con was opening lines and releasing fumes. Rec. Doc. 5-4 at 7-14. This testimony raises genuine issues of fact that could lead a reasonable jury to find that Washington was exposed to benzene by Lou-Con while not under its employment. Therefore, Murphy fails to meet its burden under the summary judgment standard.

Murphy also accuses Plaintiffs of incorrectly summarizing witness testimony to assert that Lou-Con employees worked next to Washington while Washington worked for a contractor other than Lou-Con. Rec. Doc. 10 at 13. Murphy argues that an objective reading of the testimony does not support that assertion, and as such, Plaintiffs lack sufficient evidence to maintain a tort claim

against Lou-Con. Rec. Doc. 10 at 13-14. However, as stated previously, contested issues of fact and ambiguities in state law must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). Accordingly, in piercing these pleadings and examining the relevant deposition testimony, it is the opinion of this Court that genuine issues of material fact exist concerning whether Washington was exposed to benzene by Lou-Con while employed by another contractor. As such, Murphy has not met its heavy burden of proving improper joinder. Furthermore, because Murphy failed to meet its burden of proving improper joinder, this case is remanded and the issue of timely removal need not be discussed.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Murphy's basis for removal was not altogether unreasonable. There was at least a colorable argument that no genuine issues of material fact existed concerning Plaintiffs' claims against Lou-Con. Accordingly, the request for costs and fees is denied.

New Orleans, Louisiana, this 24th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE